IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 12 2021

MITCHELL R. ELFERS
CLERK

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    No. CR 18-2648 JB

ABEL GALLEGOS, et al.,

    Defendants.

## ORDER GRANTING MOTION TO CONTINUE TRIAL AND AMEND SCHEDULING ORDER

THIS MATTER came before the Court on the Joint Motion to Continue the November 8, 2021 Trial and to Amend Scheduling Order. There being good cause shown by the Parties, the Court finds the motion is well-taken and should be granted.

IT IS HEREBY ORDERED that the jury trial in this matter currently scheduled for November 8, 2021 is continued and will be rescheduled for _February 7, 2022 at 9:00 a.m._ _(trailing docket)_. Additionally, the Court finds that a continuance is necessary to continue plea negotiations with the government. If a resolution is not reached, then additional time will be necessary to prepare pretrial motions, motions in limine conduct case investigation, consult with experts, and prepare for trial.

The court finds that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). Additional time will allow the defendants to further review discovery, conduct an investigation into the charges in this case, to prepare and file pretrial motions, consult with experts, and to adequately prepare for trial.

1

Additionally, a continuance will provide the parties time to discuss a possible negotiated resolution of this matter. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit the defendants by providing them access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)).

IT IS THERFORE ORDERED:

A. That, subject to any issues that might arise from discovery provided by the government, defendant shall file discovery motions and shall produce any reciprocal discovery as provided by Rule 16(b)(1) by _November 29, 2021_

B. That the deadline for the government's response(s) to discovery motions is _December 13, 2021_

C. That the deadline for Defendant's replies to the government's response(s) to discovery motions is _December 27, 2021_.

D. The deadline for filing the government's Expert Notices and accompanying reports is _October 31, 2021_.

E. The deadline for Defendant to file responses/objections is _November 15, 2021_.

F. The deadline for filing the replies by the government is _November 29, 2021_.

G. The deadline for defendants' Expert Notices and accompanying reports is _November 30, 202?_

H. That the deadline for filing all other pretrial motions, to include *Daubert* motions and motions for *James* and co-conspirator statements is _December 24, 2021_.

I. That the deadline for filing responses to such pretrial motions is _January 8, 2022_.

J. That the deadline for filing the replies is _January 22, 2022_.

K. That counsel's obligation under local rules of court to confer before filing motions shall apply to discovery motions as well as to all other motions in this case.

L. That the deadline for filing motions to continue, joint jury instructions, witness and exhibit lists, motions in limine and voir dire is _February 1, 2022_

M. That other pretrial issues not covered in the Court's Scheduling Order shall be raised and discussed as appropriate at future conferences that may be scheduled by the Court.

N. **That the case is set for trial at 8:30 a.m. on** _February 7, 2022_ **at the U.S.** (trailing docket) **Courthouse in Albuquerque, New Mexico. A pre-trial conference will be held on** _January 24, 2022_ at 1:30 p.m.

_____
UNITED STATES DISTRICT JUDGE

Submitted by:
/s/ Joseph E. Shattuck, Attorney at Law
Joseph E. Shattuck

*Attorney for Defendant Baudel Palacios-Prieto*

Approved by:

Via telephone on October 5, 2021
Peter Eicker

*Attorney for the United States*

3

After weighing the best interests of the public and of the Defendant with the ends of justice, the Court finds that granting a continuance will strike a proper balance between the ends of justice and the best interests of the public and of the Defendant for the reasons stated in the motion requesting a continuance, filed October 8, 2021 (Doc. 193). Specifically, the Defendants' need to review discovery, complete an investigation, continue plea negotiations with the government, and if a resolution is not reached, to prepare for trial, to research, prepare, and file pretrial motions, and to consult with experts and make expert disclosures, outweighs the Defendant's and the public's interest in a speedy trial. See 18 U.S.C. Section 3161(h)(7). The Court will set the trial for _February 7, 2022_. The pretrial motion deadline is _December 24, 2021_. This _90_-day continuance is sufficient, without being greater than necessary, for the Defendant to complete the tasks set forth in the motion to continue.

*[Signature]*
10/11/21