IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                     18-CR-2648 JB

ABEL GALLEGOS, et al.,

        Defendants.

### JOINT MOTION TO RESET TRIAL FOR 90 DAYS
### AFTER NOW CONTINUED FEBRUARY 8, 2022 TRIAL SETTING

**COME NOW** Defendant Abel Gallegos, by and through his legal counsel, M Naomi Salazar, and Baudel Palacios-Prieto, Adrian Palacios, Jesus M. Lopez, Abel Gallegos, Saul Gallegos, Rafael Colombie, Martha Reyes-Villalobos, Ivan Cordova and Zachary Folger by and through their respective Counsel of record, and the United States, by and through Assistant United States Attorney Peter Eicker, and hereby respectfully submit this Joint Motion to Reset Trial for 90 days after the now continued February 8, 2022 trial setting, and to vacate and reschedule all other deadlines and setting in this matter.

In further support of the Motion, the Parties state:

1. On August 14, 2018, a federal grand jury returned a four-count Indictment charging Abel Gallegos and Jesus Lopez with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846. The conspiracy allegations ranged from September 13, 2017 to January 28, 2018. Additionally, counts two, three and four were allegations of

distribution of methamphetamine on three different dates during the time of the alleged conspiracy. See Indictment [Doc. No. 2].

2. Abel Gallegos and Jesus Lopez were set for trial on the original indictment April 29, 2019.

3. The Superseding Indictment filed on April 9, 2019 expanded the charging period for the conspiracy allegations to about one year. The Superseding Indictment expands the number of counts from four to nineteen. The counts in the new indictment are alleged to have occurred on seventeen different dates in three different counties in New Mexico. Additionally, the superseding indictment expands the members of the conspiracy from two to eleven. See Superseding Indictment [Doc. No. 35]. On May 22, 2019, this Court issued an order designating this case complex for purposes of the Speedy Trial Act, 18 U.S.C. § 3161, et seq. See Order [Doc. No. 112].

4. The United States disclosed discovery encompassing thousands of pages of reports, warrant documentation, photographs, wire pleadings, audio files, and video files. Some of the audio and video files include hours of surveillance, pole camera footage, recorded conversations, many in Spanish, and the like.

5. Trial in this matter was most recently scheduled for February 7, 2022. (Doc. No. 194). The Parties were already in agreement in filing a Joint Motion to Continue the February 7, 2022 trial and in requesting the matter be re-set for 90 days.

6. On January 14. 2022, the Court issued Administrative Order 22-MC-004-10. It is the latest in a series of Administrative Order entered by the Court to address the COVID-19 Pandemic. The Order continued all civil and criminal jury trials in federal courts in New Mexico from January 14, 2022 through February 13, 2022. The Order specifically

excludes the time period of the continuances implemented by the Order from the Speedy Trial Act.

7. The defendants respectfully request that the trial be re-set in at least ninety days to complete several tasks that are vital to their defense. Specifically, the defendants request an additional ninety days from the current setting to complete the case investigation, confer with experts, prepare for trial, prepare and file pretrial motions, and to continue to pursue plea negotiations with the government.

8. A continuance is of at least ninety days is necessary for counsel to complete the following tasks:

   a. Review discovery.

   b. Continue plea negotiations with the government. If a resolution is not reached, then additional time will be necessary to prepare pretrial motions, motions in limine, and prepare for trial.

   c. Research, prepare, and file pretrial motions, including possible motions to suppress, and other motions in limine.

   d. Complete an investigation into the allegations and charges against the defendants.

   e. Consult with experts and make expert disclosures.

9. The Defendants request a re-set of the trial of no less than ninety days from the February 8, 2022 setting. Counsel believe that length of time to be the minimum that will be sufficient to complete plea negotiations and prepare for trial in this case.

10. The Defendants' right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, the

Defendants will be denied their right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

11.  The Defendants agree with this requested time for the trial to be re-set and will not be prejudiced. Additional time will not prejudice the defendants and will permit them additional time to prepare and file pretrial motions, to further investigate this case, consult with experts, and to prepare for trial. Additionally, the time will potentially allow the Defendants to reach a favorable resolution with the government. Counsel have discussed with the respective defendants their rights under the Speedy Trial Act and the Defendants understand the need for a re-set of ninety days and respectfully request that the Court re-set in ninety days as requested by counsel. Counsel also notes that the Parties have been diligently preparing for trial, and other issues concerning this matter.

10.     Undersigned counsel affirmatively states that under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the ends of justice will be served by granting this extension of time in which to file motions and a re-set of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public

interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). A re-set of the jury trial in 90 days in this matter will provide the Parties time to discuss a possible negotiated resolution of this matter. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit the Defendants by providing them access to a more favorable resolution of this matter. This Motion is not predicated upon the congestion of the Court's docket.

11. Counsel for the government, Assistant United States Attorney Peter Eicker, joins this motion.

12. WHEREFORE, the Defendants and the United States respectfully request that this Court re-set the jury trial in 90 days and amend the scheduling order.

Respectfully submitted,

/s/ *Joseph E. Shattuck*
Joseph E. Shattuck
8784 E. Belleview Street
Scottsdale, AZ 85257
(575) 650-4191
jshattuck@marcoshattucklaw.com

*Counsel for Baudel Palacios-Prieto*

M. Naomi Salazar
M. Naomi Salazar
M. Naomi Salazar, Attorney at Law
P.O. Box 26542
Albuquerque NM 87125
505/243-4433 505/243-1441
Email: naomisalazar@msn.com

*Counsel for Abel Gallegos*

Marc Grano
Marc Grano
Grano Law Offices

PO Box 1303
Las Vegas, NM 87701
505-426-8711, Fax 505-426-9011
marcgrano@gmail.com

*Counsel for Adrian Palacios*

<u>Robert Gorence</u>
Robert J. Gorence
Gorence & Oliveros PC
300 Central Avenue SW, Suite 1000E
Albuquerque, NM 87102
505-244-0214, Fax 505-244-0888
gorence@golaw.us

*Counsel for Saul Gallegos*

<u>Kenneth Gleria</u>
Kenneth Gleria
Kenneth A. Gleria, Attorney at Law
1008 5th St NW
Albuquerque, NM 87102
505-243-7843, Fax 505-242-5188
Kgleria45@comcast.net

*Counsel for Rafael Columbie*

<u>Michael Alarid</u>
Michael Alarid, Jr.
The Alarid Law Firm, PC
300 Central SW, Suite 2200E
Albuquerque, NM 87102
505-242-6255, Fax 505-212-2262
alaridmichael@yahoo.com

*Counsel for Martha Reyes-Villalobos*

<u>Jason Bowles</u>
Jason Bowles
Bowles Law Firm
4811 Hardware Drive, NE, Bldg. D, Ste 5
Albuquerque, NM 87109
505-217-2680, Fax 505-217-2681
jason@Bowles-Lawfirm.com

*Counsel for Ivan Cordova*

<u>*Harry Zimmerman*</u>
Harry I. Zimmerman
Harry Ira Zimmerman Attorney at Law
12231 Academy Rd NE, #301-315
Albuquerque, NM 87111
505-293-6859, Fax 866-777-1126
hzattorney@gmail.com

*Counsel for Zachary Folger*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was electronically served on all counsel via the CM/ECF system on this 18th day of January, 2022

<u>/s/ *electronically filed*</u>
M Naomi Salazar